**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS NAVARROLI,<br>on behalf of himself and all<br>others similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | Case No. 17-cv-5373 |
| vs. | )<br>)<br>) | |
| LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.,<br>ALEGIS GROUP, L.L.C., and<br>FIRSTSOURCE ADVANTAGE, L.L.C., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

1.      Plaintiff Nicholas Navarroli brings this action to secure redress for improper debt collection practices by defendants.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection  methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff Nicholas Navarroli seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8.      Venue and personal jurisdiction in this District is proper because:

a.      Defendants do business in this District;

b.      Defendants' collection correspondence was sent to plaintiff Nicholas Navarroli in this District.

## PARTIES

9.      Plaintiff Nicholas Navarroli is a resident of the Northern District of Illinois.

10.     Defendant LVNV Funding, LLC is a limited liability company with offices at 625 Pilot Rd., Suite 3, Las Vegas, NV 89119. It does business in Illinois. Its registered agent and office is Illinois Corporation Services Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11.     Defendant LVNV Funding, LLC is engaged in the business of purchasing allegedly

2

defaulted debts incurred for personal, family or household purposes and collecting them.

12.     Defendant LVNV Funding, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

13.     Defendant LVNV Funding, LLC then attempts to collect the purchased debts by filing suits on them.

14.     Defendant LVNV Funding, LLC has been the plaintiff in more than 1,000 collection lawsuits that have been pending in Illinois during the year prior to the filing of this action.

15.     Defendant LVNV Funding, LLC regularly uses the mails and telephones in the process of collecting the debts it purchases.

16.     Defendant LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

17.     Defendant Resurgent Capital Services, L.P. is a limited partnership entity with offices at 55 Beattie Place, Suite 300, Greenville, South Carolina 29601. Its registered agent and office is Illinois Corporation Services Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

18.     Defendant Resurgent Capital Services, L.P. operates a collection agency. It collects debts owed to LVNV and others.

19.     Defendant Resurgent Capital Services, L.P. holds one or more collection agency licenses.

20.     Defendant Resurgent Capital Services, L.P. uses the mails and telephones to collect debts owed to other entities.

21.     Defendant Resurgent Capital Services, L.P. is a debt collector as defined in the FDCPA.

22.     Defendant Alegis Group, LLC is a limited liability company with offices at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601. Its registered agent and office is Illinois Corporation Services Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703. It does or transacts business in Indiana. It is the sole general partner of Resurgent. As such, the acts of Resurgent are attributed to it.

23.     Defendant Firstsource Advantage, LLC is a limited liability company organized under New York law with principal offices at 205 Bryant Woods South, Amherst, NY 14228. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

24.     Firstsource Advantage, LLC operates a collection agency and is licensed to do so by the State of Illinois.

25.     Firstsource Advantage, LLC states on its web site that "Firstsource Advantage, LLC provides innovative debt collections services to the leading credit card issuers, financial institutions, healthcare providers and universities. The products serviced include credit /debit cards, auto and student loans." (http://www.firstsourceadvantage.com/)

26.     Defendant Firstsource Advantage, LLC uses the mails and telephones to collect debts owed to other entities.

27.     Defendant Firstsource Advantage, LLC is a debt collector as defined in the FDCPA.

## RELATIONSHIP BETWEEN LVNV AND RESURGENT

28.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees. (Statement of Material Facts filed as

4

document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

29.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

30.     Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

31.     Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

32.     The above statements continue to describe the relationship between LVNV and Resurgent.

5

33. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

34. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS

35. Defendants have been attempting to collect from plaintiff a debt consisting of a First Premier Bank credit card obtained and used for personal, family or household purposes and not for business purposes.

36. The debt went into default prior to 2011.

37. The applicable Illinois statute of limitations is five years, so that the debt was time-barred by 2017.

38. On or about March 9, 2017, defendant Firstsource Advantage, LLC, acting on behalf of defendant LVNV Funding, LLC, sent plaintiff the letter attached as Exhibit A.

39. Exhibit A states, "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."

40. Exhibit A is a form letter.

41. Exhibit A offered a settlement of the alleged credit card debt, including a settlement in the form of a payment plan.

42. The letter does not disclose that making a payment as requested may restart the

6

statute of limitations.

43.     Defendants also dunned plaintiff by telephone and other means.

44.     At no time did defendants disclose that making a payment as requested may restart the statute of limitations.

## COUNT I – FDCPA – CLASS CLAIM

45.     Plaintiff incorporates paragraphs 1-44.

46.     This claim is against all defendants.

47.     Exhibit A violates 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) because it does not disclose that making a payment as requested may restart the  statute of limitations,  *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017), aff'g, 78 F.Supp.3d 743 (N.D.Ill. 2015).

48.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . .**

## CLASS ALLEGATIONS

49.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

50.     The Firstsource class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent by or on behalf of Firstsource to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

51.     The LVNV class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent by or on behalf of LVNV or Resurgent to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

52.     On information and belief, based on the use of form letters and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, each class is so numerous that joinder of all members is not practicable.

53.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters were misleading.

54.     Plaintiff's claim is  typical of the claims of the class members. All are based on the same factual and legal theories.

55.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

56.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible;

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.     Statutory damages;

      ii.     Any actual damages incurred by class members, including all amounts paid on time-barred debts;

      iii.     Attorney's fees, litigation expenses and costs of suit;

      iv.     Such other and further relief as the Court deems proper.


               s/Daniel A. Edelman
               Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Patricia N. Jjemba
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200

9

(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

11

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman