IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS NAVARROLI, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, L.L.C., and FIRSTSOURCE ADVANTAGE, L.L.C., <br><br> Defendants. | Case No. 17-cv-5373 |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Nicholas Navarroli respectfully requests that this Court enter an order determining that this action, alleging violation of the Fair Debt Collection Practices Act ("FDCPA") and state law, may proceed as a class action against defendants LVNV Funding, LLC ("LVNV"), Reseurgent Capital Services, L.P. ("Resurgent"), Alegis Group, L.L.C. ("Alegis") and Firstsource Advantage, L.L.C. ("Firstsource").

Plaintiff seeks certification of two classes, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

The Firstsource class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent by or on behalf of Firstsource to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

The LVNV class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent by or on behalf of LVNV or Resurgent to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d)

which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the classes.

In support of this motion, plaintiff states:

## NATURE OF THE CASE

1. Defendants have been attempting to collect from plaintiff a debt consisting of a First Premier Bank credit card obtained and used for personal, family or household purposes and not for business purposes.

2. The debt went into default prior to 2011.

3. The applicable Illinois statute of limitations is five years, so that the debt was time-barred by 2017. *Portfolio Acquisitions, LLC v. Feltman*, 391 Ill. App. 3d 642, 909 N.E.2d 876 (1st Dist. 2009).

4. On or about March 9, 2017, defendant Firstsource Advantage, LLC, acting on behalf of defendant LVNV Funding, LLC, and at the direction of defendant Resurgent Capital Services, L.P., sent plaintiff the letter attached as Exhibit A.

5. Exhibit A states, "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."

6. Exhibit A is a form letter.

7. Exhibit A offered a settlement of the alleged credit card debt, including a settlement in the form of a payment plan.

8. The letter does not disclose that making a payment as requested may restart the statute of limitations. It therefore violates the FDCPA, *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

## CLASS CERTIFICATION REQUIREMENTS

9. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

10. On information and belief, based on the use of form letters and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, each class is so numerous that joinder of all members is not practicable.

11. Plaintiff will obtain the exact number of individuals in the class through discovery, and requests a sufficiently long briefing schedule to do so.

12. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters were misleading.

13. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

14. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions. (Exhibit B).

15. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

16. In further support of this motion, plaintiff submits the accompanying memorandum of law.

## NEED FOR CLASS MOTION AT THIS TIME

17. Plaintiff is filing a class motion with the complaint to avoid any "other defenses" as described by the Seventh Circuit in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). While the *Chapman* court overruled the mootness issue expressed in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), the court specifically cautioned that:

> Rejecting a fully compensatory offer may have consequences other than mootness, however. As we put it in *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir.1999),

>"[y]ou cannot persist in suing after you've won." Although even a defendant's proof that the plaintiff has accepted full compensation ("accord and satisfaction" in the language of Rule 8(c)(1)) is an affirmative defense rather than a jurisdictional bar, the conclusion that a particular doctrine is not "jurisdictional" does not make it vanish. The question raised by *Greisz* and similar opinions is whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver. That would be consistent with Rule 68, which is designed for offers of compromise (the normal kind of settlement) rather than offers to satisfy the plaintiff's demand fully. Cost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer, when the plaintiff does not even request that the court award more than the defendant is prepared to provide.

*Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015).

18. Despite the recent ruling by the Supreme Court in *Gomez v. Campbell-Ewald Company*, 136 S.Ct. 663 (2016), holding that an unaccepted offer of judgment does not moot a class action, a question remains as to "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672. Some courts are accepting the argument. *Fulton Dental, LLC v. Bisco, Inc.*, No. 15 C 11038, 2016 WL 4593825 (N.D. Ill. Sept. 2, 2016), rev's, --- F.3d ---, 2017 WL 2641124 (7th Cir., June 20, 2017); *Laurens v. Volvo Cars of N. Am., LLC*, No. 16 C 4507, 2016 WL 5944896 (N.D. Ill. Oct. 13, 2016). There is no definitive holding that it is never permissible. Consequently, plaintiff submits that the interests of the class are best protected by filing a class motion.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

4

Francis R. Greene
Patricia N. Jjemba
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on July 21, 2017, I caused to be filed the foregoing documents with the Clerk of the Court using the CM/ECF System. I further certify that on this date, or as soon thereafter as service may be effectuated, I will cause to be served a true and accurate copy of the foregoing documents via process server:

LVNV Funding, LLC
c/o Registered Agent
Illinois Corporation Services Co.
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Resurgent Capital Services, L.P.
c/o Registered Agent
Illinois Corporation Services Co.
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Alegis Group, LLC
c/o Registered Agent
Illinois Corporation Services Co.
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Firstsource Advantage, LLC
c/o Registered Agent
CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman