IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 1:17-cv-05373 |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, L.L.C., and FIRSTSOURCE ADVANTAGE, L.L.C., | ) ) ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| SHABIH SIDDIQI, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:17-cv-06126 |
| V. | ) ) ) | Judge Robert M. Dow, Jr. Hon. M.J. Mary M. Rowland |
| DYNAMIC RECOVERY SOLUTIONS, LLC and PINNACLE CREDIT SERVICES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL**

Plaintiffs, Nicholas Navarroli and Shabih Siddiqi, individually, and on behalf of a Settlement Class of similarly situated persons (collectively "Plaintiffs") and Defendants LVNV Funding, LLC, Pinnacle Credit Services, LLC, Resurgent Capital Services, L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC (collectively "Defendants"), hereby request that this Court enter an order which: (i) preliminarily approves

the Class Settlement Agreement ("Agreement") attached as <u>Appendix 1</u>; (ii) sets dates for Class members to opt out or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of <u>Exhibit C</u> to <u>Appendix 1</u>, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as <u>Exhibit B</u> to <u>Appendix 1.</u>

1. Plaintiffs, individually and on behalf of what they now know to be overlapping classes, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Navarroli et. al.v. LVNV Funding, LLC*, Case No. 17-cv-05373 (N.D. Ill.) and *Siddiqi v. Dynamic Recovery Solutions, LLC, et al.*; Case No. 1:17-cv-06126 (N.D. Ill.), ("Litigation"). Plaintiffs' allege that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) by sending collection letters on time-barred debts which did not disclose that a payment may restart the statute of limitations on the debt. Defendants deny Plaintiffs' allegations and assert that their letters complied fully with all applicable state and federal laws.

2. After arms-length discussion, the parties reached a settlement to resolve the Litigation. Defendants desire to settle the claims brought by Plaintiffs solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiffs and the Class against Defendants in the Litigation. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon Counsel's review and analysis, the parties have entered into the

Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement.

3. **Class Definition**. For purposes of effectuating this settlement, the Parties request that this Court preliminarily and conditionally certify a Settlement Class consisting of:

    a. All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent or a collection agency that it engaged sent or caused to be sent a collection letter on a time-barred debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations.

4. **Excluded from Class.** Excluded from the Class is:

    a. (all any person who is a plaintiff or a class member who did not timely exclude themselves from the Class Settlement Agreement) in the action styled *Teifeld v. Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC*, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

    b. any person who is already subject to an existing release;

    c. any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

    d. any Class Member who timely mails a request for exclusion; and

    e. any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 of the Agreement, but whose Letter was returned as undeliverable, based on DEFENDANTS' records.

5. **Class Period.** The Class Period runs from July 21, 2016, through the date of this order.

6. **Class Size.** Based on Defendants records, there are approximately 54,000 persons that fall within the Class. The class size may continue to grow until preliminary approval of the settlement is granted, but if it does the settlement fund will also grow proportionately.

7. **Class Recovery and Procedure.** The Agreement provides for the following relief to Class Members: Subject to the terms of this Agreement, Defendants agrees to provide the following relief to the Class:

   a. Settlement Fund: Defendants shall pay to the Class a total Class Settlement Fund of (1) $125,000.00 and (2) $2.40 for each class member in excess of 53,407 members from whom a release is sought, which Defendants represent is more than one percent of the combined net worth of Defendants LVNV and Pinnacle.

   b. Distribution to the Class: Distribution of the Settlement Fund shall be made on a claims-made basis, *i.e.*, Class Members who wish to claim their share of the Settlement Fund must submit a claim in the form that will accompany the Class Notice. The Settlement Fund will be divided equally among all Class Members who timely submit claim forms.

   c. Void Date: All distribution checks to the Class will expire after ninety (90) days. The proceeds of any uncashed distribution checks shall be redistributed *pro rata* to those class members whose distribution checks were presented for payment, unless such redistribution would be in the amount of less than $10.00 per class member. All redistribution checks to the Class will expire after ninety (90) days.

    d. *Cy Pres* Recipients:  Any funds remaining in the fund after the second distribution, or remaining in the fund after the first distribution if no second distribution is made, will be distributed as a *cy pres* distribution in equal sums to the Legal Assistance Foundation of Metropolitan Chicago, Prairie State Legal Services, and Land of Lincoln Legal Assistance Foundation.

  8. There are approximately 54,000 class members.  Class Counsel anticipates, based on a 5%-10% response rate, that class members who submit claim forms are likely to receive between $23- $46, depending upon the number of people that submit claim forms.  **Error! Bookmark not defined.**

  9. The FDCPA caps a class's statutory recovery available to the Class Members.  In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00.  In a class action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) the lesser of 1% of Defendants' net worth or $500,000.00 (whichever is less). The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful.  Defendants have represented that the Settlement Fund of $125,000, is more than 1% of their net worth (the maximum potential in statutory damages).  Based upon this, Class Counsel believes that the Settlement is a fair and reasonable settlement.

  10. **Relief to Plaintiffs.**  Plaintiff Nicholas Navarroli will be paid the total amount of $2,500.00 for his individual claim for statutory damages and his service to the Class. Plaintiff Shabih Siddiqi will be paid the total amount of $5,000.00  for his individual claim for statutory

damages and his service to the Class. All amounts approved by the Court as damages and service as class representatives will be paid separate and apart from the Class Settlement Fund. LVNV will also release the debt allegedly owed to it by Mr. Navarroli and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request. Pinnacle will also release the debt owed to it by Mr. Siddiqi and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request.

      11.    **Non-Monetary Relief.** As a non-monetary part of the settlement, Defendants will, on a going-forward basis, make the following statements in any letter seeking payment from a consumer whose mailing address is in the Seventh Circuit, on a time-barred debt that is serviced by Resurgent:

      a.    The law limits how long you can be sued on a debt. Because of the age of your debt, [Debt Owner Name] cannot sue you for it. Please note that making a payment on a time-barred debt has the potential to restart the statute of limitations for suit on the debt. However, it is the policy of [Debt Owner Name] (a) never to file suit on a debt after the original statute of limitations has expired and (b) never to sell such a debt.

      12.    Such disclosure shall be made until and unless the holding of the Seventh Circuit in *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017) is overruled by case law, regulatory guidance, or amendment of the FDCPA.

      13.    **Attorneys' Fees and Costs**. Subject to Court approval, Defendants shall pay counsel for Plaintiffs and the Class that amount of attorneys' fees and costs awarded by the Court not to exceed $45,000.00.

14. **Cost of Class Notice and Administration**. Defendants shall pay all costs associated with the notice under this Agreement and the costs of administering the Class Settlement.

15. **Notice**. No later than thirty (30) days after the entry of the Conditional Certification Order, the Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

    a. **Right of Exclusion**. Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to the Class Administrator no later than 60 days from the date of mailing of the Class Notice who shall, within 7 days of the receipt of such request, forward copies to Class Counsel and Counsel for Defendants.

    b. **Right to Object**. Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court, objectors shall be required to

7

notify the Court, Class Counsel and counsel for Defendants, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment. However, Class Members who object to the Settlement may also appear at the Fairness Hearing and express their objection to the Settlement without notice to the Court and Counsel if the Court finds that good cause exists for non-compliance with the requirements of this paragraph.

16. The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from PRA, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class. In this case, even if the class were to proceed to trial it would not receive more than 1% of the debt collector's net worth . The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

17. <u>Schedule for Class Notice, Exclusions, and Objections:</u> Plaintiffs and Defendants request that the Court set the following schedule for the proposed Agreement:

      a.      Class Notice (<u>Exhibit C</u> to <u>Appendix 1</u>) is to be mailed within 30 days of entry of the Preliminary Approval Order;

      b.      Class members shall have until 60 days after the initial mailing of the notice to complete and postmark a claim form, request for exclusion or objection to the proposed settlement;

      c.      A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Classes will be held before this Court on a date at least ninety (90) days from the notification provided under the Class Action Fairness Act.

18.    In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of <u>Exhibit B</u> to the Agreement, which (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibit C</u> to the Agreement as notice to the Classes to be directed to the last known address of the class members as shown from Defendants' records, (d) sets dates for class members to opt-out, object, or return a claim form and (e) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted,

| | |
|---|---|
| s/ Cassandra P. Miller | s/ Manuel Newburger (with consent) |
| Daniel A. Edelman | Manuel Newburger |
| Cassandra P. Miller | BARRON & NEWBURGER, PC |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | 7320 N. MoPac Expy., Suite 400 |
| | Austin, Texas 78731 |
| | (512) 649-4022 |
| 20 South Clark Street, Suite 1500 | *Counsel for Defendants* |
| Chicago, Illinois 60603 | |
| (312) 739-4200 | |
| *Counsel for Plaintiffs* | |

**CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, hereby certify that on Monday, October 1, 2018, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record

                                                    s/ Cassandra P. Miller
                                                      Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200