# **APPENDIX 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI,<br>on behalf of himself and all<br>others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 1:17-cv-05373 |
| LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.,<br>ALEGIS GROUP, L.L.C., and<br>FIRSTSOURCE ADVANTAGE, L.L.C., | ) ) ) ) ) | Judge. Robert M. Dow, Jr. |
| Defendants. | ) ) | |
| SHABIH SIDDIQI,<br>on behalf of himself and all<br>others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:17-cv-06126 |
| V. | ) ) ) | Judge Robert M. Dow, Jr.<br>Magistrate Judge Mary M. Rowland |
| DYNAMIC RECOVERY SOLUTIONS,<br>LLC and PINNACLE CREDIT<br>SERVICES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between: (a) Plaintiffs Nicholas Navarroli and Shabih Siddiqi, individually, and on behalf of a Settlement Class of similarly situated persons; and (b) Defendants LVNV Funding, LLC, Pinnacle Credit Services, LLC, Resurgent Capital Services,

L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC, was reached after arms-length negotiations between counsel for all parties, and is entered into as of September 28, 2018.

**RECITALS:**

A.    The Class Members are a class of individuals (as defined below) on whose behalf Plaintiffs filed separate class action complaints. Because the classes in the separate actions overlapped, the Court granted, at the parties' request, a consolidation of the cases.

B.    Plaintiffs' Complaints allege that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*), and that such alleged violations render Defendants liable for statutory damages, costs, and reasonable attorneys' fees. Plaintiffs do not allege that the conduct at issue caused them any actual damages, and Defendants represent that based upon their policies and procedures, Defendants not to restart the statute of limitations on a time-barred debt or sell a time-barred debt.  Based on Defendants' representation, Plaintiffs believe that it is unlikely that class members suffered actual damages from Defendants' failure to disclose that a payment by a class member could restart the statute of limitations. Moreover, the simple process for opting out of the Class provides an easy mechanism for any Class member who believes that (s)he does have actual damages to avoid the Class Release and pursue such alleged damages.

C.    Defendants deny both factually and legally that they are liable in any way to Plaintiffs or the Class they seek to represent, deny that their actions violated state or federal law in any manner, and assert that even if Plaintiffs were

to prevail, Defendants' maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to approximately $120,000.00, and that the conduct at issue is not so extreme or pervasive as to warrant imposition of the maximum statutory damages. Nevertheless, Defendants conclude that the further conduct of this litigation by them would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement. Defendants are therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiffs and the Class arising out of the alleged statutory violations.

D.     Class Counsel (defined below) have considerable experience in handling class actions and consumer protection cases. Class Counsel have analyzed the facts and law relevant to this litigation, and they recognize the substantial expense and delay associated with the continued prosecution of this litigation against Defendants through trial and through appeals. Further, Class Counsel are mindful of the limitations on any possible statutory damages recovery to the Class, and they recognize that protracted litigation is unlikely to serve the best interests of the Class.

E.     Based on Class Counsel's extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case the maximum potential award to the Class Members is limited, and pursuant to the advice of Class Counsel, Plaintiffs believe that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class.

F.   Based on the extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case the maximum potential award to the Class Members is limited, Defendants believe that this settlement with the Class on the terms set forth below is fair, adequate, and reasonable.

G.   The Parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of or related to Plaintiffs' claims of violations of the FDCPA by Defendants or any of their officers, directors, shareholders, members, employees, agents, or representatives (in their capacities as such).

### ARTICLE I
### DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

1.1   "AGREEMENT" means this Settlement Agreement in the above-captioned case.

1.2   "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3   "CLASS" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as:

All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent, or a collection agency that it engaged, sent or caused to be sent collection letter on a time-barred

debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations ("the Letter"). Excluded from the Class are:

a.    any person who is a plaintiff or participating class member (all class members who did not timely exclude themselves from the Class Settlement Agreement) in the action styled *Teifeld v.Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC,* Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

b.    any person who is already subject to an existing release;

c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

d.    any Class Member who timely mails a request for exclusion; and

e.    any person who was sent the Letter by or on behalf of any of the companies comprising Defendants, as that term is defined in Paragraph 1.12 below, but whose Letter was returned as undeliverable, based on Defendants' records; and

f.    any Class Member who timely mails a request for exclusion.

1.4    "CLASS COUNSEL" means Daniel A. Edelman and Cassandra P. Miller of Edelman, Combs, Latturner & Goodwin, LLC, and for purposes of any notice(s) provided for herein, to the attention of Cassandra P. Miller (#34230).

1.5 "CLASS MEMBERS" means those persons who are a part of the Class and who do not fall within the above-stated exclusions set forth in Paragraph 1.3.

1.6 "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as **Exhibit C**.

1.7 "CLASS PERIOD" means the period from July 21, 2016 to the Preliminary Approval Date as defined below.

1.8 "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(A) of this Agreement.

1.9 "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(A) of this Agreement.

1.10 "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties under this Agreement have been effectuated.

1.11 "COURT" means the United States District Court for the Northern District of Illinois.

1.12 "DEFENDANTS" means LVNV Funding, LLC, Pinnacle Credit Services, LLC, Resurgent Capital Services, L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC, and includes all officers, directors, shareholders, members, general and limited partners, agents, employees, representatives, attorneys, and insurers (in their capacities as such) of Defendants.

1.13 "FINALITY DATE" means one (1) Business Day after the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final

dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.

1.14 "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

1.15 "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached *Exhibit D*.

1.16 "INITIAL NOTICE DATE" means the deadline set by the Court for the mailing of the Class Notice, which shall be not fewer than thirty (30) days after the Preliminary Approval Date.

1.17 "LITIGATION" means the above-captioned cases.

1.18 "PARTIES" means the Class Members (including Plaintiffs), and Defendants.

1.19 "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as *Exhibit B*.

1.20 "RELEASED CLAIMS" means:

A.     For Plaintiffs, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that he or his heirs, executors, administrators, successors, assigns, clients, and attorneys (in their respective capacities as such) may have against Defendants or any of Defendants' principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, general and limited partners, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys (in their respective capacities as such) as of the date of this Agreement, it being Plaintiffs' intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, statute, or regulation, that they may have against the parties herein released from the beginning of time up to the date of this Agreement.

B.     For the Class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against Defendants or any of Defendants' principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, general and limited partners, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys (in their respective capacities as such) as a result of alleged violations of the Fair Debt Collection Practices Act or any

state law providing substantially similar protections based upon the sending of a letter, on a time-barred debt that was serviced by Resurgent, where the letter failed to disclose that making a payment could potentially restart the applicable statute of limitations during the Class Period.

1.21 This Agreement and the settlement embodied herein shall not release any debt that is allegedly owed by any Class Member, nor shall this settlement operate as an accord and satisfaction of such debts. Nothing in this release shall affect the rights of any Class Member to dispute the debt or assert any defenses as to the validity of the debts. Furthermore, for the purposes of 15 U.S.C. § 1692c Plaintiffs' counsel expressly represent that unless they have given notice to any of the Defendants of individual representation, they do not represent the members of the Class in connection with such debts and that their representation is limited solely to their role as Class Counsel in this case and in connection with the claims that are the subject of this Settlement Agreement such that Defendants are entitled to communicate directly with those debtors not expressly represented by them for purposes of attempting to collect an alleged debts.

## Article II
### TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiffs and Defendants agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of Defendants' liability for all Released Claims (as defined above) of Plaintiffs and all of the Class Members.

2.1    *Class Action Settlement Procedures*

A.    Plaintiffs and Defendants shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying the Class and Granting Preliminary Approval of Settlement (the "Conditional Certification Order") which would (1) certify, for settlement purposes only, a class pursuant to FED. R. CIV. P. 23; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the settlement terms and Final Fairness Hearing (the "Class Notice"); and (3) direct that the Class Notice be distributed to the Class in the manner described below. The Conditional Certification Motion and the Conditional Certification Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as **Exhibits A** and **B**, respectively. The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to object or opt out, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as **Exhibit C**. The Class Notice shall be distributed by mailing a copy of the notice to each class member as described below.

B.    If not already provided, within 5 (five) days of the entry of the Preliminary Approval Order, Defendants' Counsel shall provide the Class Administrator and Class Counsel with the list of Class Members names and addresses, according to Defendants' records. Within 10 (ten) days after the date of the Final Approval Order, the Settlement Administrator will provide Class Counsel and Defendants' Counsel with an updated list of claimants including

any updated address information received. If final approval is granted, the Parties shall retain the class list and a list of Class Members who opted in or excluded themselves for six months following the Effective Date, and may destroy them after that period.

C. First Class Inc. will act as the Class Administrator ("the Administrator"). No later than thirty (30) days after the entry of the Conditional Certification Order, the Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

D. The cost of providing notice, administrating the notice and distributing checks to the Class shall be borne by Defendants. Defendants will provide, prior to the Final Fairness Hearing, a sworn declaration from the Administrator attesting to service of the Class Notice upon the Class.

E.    Defendants agree to support the entry by the Court of the Conditional Certification Order. Such certification, and Defendants' agreement to support such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment. Furthermore, Plaintiffs and their attorneys will support the Settlement and will take no action inconsistent with such support.

F.    Plaintiffs and Defendants shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court. Among other things, the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the terms of this Agreement including the proposed relief to the Class, and grant the individual and class releases described in this Agreement.

G.    Defendants' agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Actions. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 6.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all

findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendants to, among other things, (i) oppose any subsequent efforts by the Plaintiffs to certify the actions as class actions, and (ii) assert all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiffs and the Settling Class. The Conditional Certification Order and the Final Order and Judgment shall so provide.

2.2    *The Class.* The Class is defined in Section 1.3 above.

2.3    *Settlement Consideration.* Subject to the terms of this Agreement, Defendants agrees to provide the following relief to Plaintiffs and the Class:

A.    Defendants shall pay to the Class a total Class Settlement Fund of (1) $125,000.00; plus (2) an additional $2.40 for each class member in excess of 53,407 members from whom a release is sought. Defendants represent that the base settlement fund is approximately one percent of the combined net worth of Defendants LVNV and Pinnacle.

B.    Distribution of the Settlement Fund shall be made on a claims-made basis, *i.e.*, Class Members who wish to claim their share of the Settlement Fund must submit a claim in the form that will accompany the Class Notice. The Settlement Fund will be divided equally among all Class Members who timely submit claim forms. All distribution checks to the Class will expire after ninety (90) days. The proceeds of any uncashed distribution checks shall be redistributed pro rata to those class members whose distribution checks were presented for payment, unless such

redistribution would be in the amount of less than $10.00 per class member. All redistribution checks to the Class will expire after ninety (90) days. Any funds remaining in the fund after the second distribution, or remaining in the fund after the first distribution if no second distribution is made, will be distributed as a *cy pres* distribution in equal sums to the Legal Assistance Foundation of Metropolitan Chicago, Prairie State Legal Services, and Land of Lincoln Legal Assistance Foundation.

C.     Plaintiff Nicholas Navarroli will be paid the total amount of $2,500.00 for his individual claim for statutory damages and his service to the Class. Plaintiff Shabih Siddiqi will be paid the total amount of $5,000.00 for his individual claim for statutory damages and his service to the Class. All amounts approved by the Court as damages and service as class representatives will be paid separate and apart from the Class Settlement Fund.

D.     LVNV will also release the debt allegedly owed to it by Mr. Navarroli and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request. LVNV warrants that it will not sell or assign Mr. Navarroli's debt or make any further attempt to collect it. Pinnacle will release the debt owed to it by Mr. Siddiqi and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request. Pinnacle warrants that it will not sell or assign Mr. Siddiqi's debt or make any further attempt to collect it. It is expressly agreed by the parties that the relief provided for

in this provision, is a result of a "contested liability" that was disputed in good faith. Defendants make no warranty that the credit reporting agencies will honor such deletion requests, and Defendants, upon providing proof of the requested deletions to Class Counsel, shall have no liability to Plaintiffs if the credit reporting agencies do not delete the tradelines.

E.  As a non-monetary part of the settlement, Defendants will, on a going-forward basis, make the following statements in any letter seeking payment from a consumer whose mailing address is in the Seventh Circuit, on a time-barred debt that is serviced by Resurgent:

> The law limits how long you can be sued on a debt. Because of the age of your debt, [Debt Owner Name] cannot sue you for it. Please note that making a payment on a time-barred debt has the potential to restart the statute of limitations for suit on the debt. However, it is the policy of [Debt Owner Name] (a) never to file suit on a debt after the original statute of limitations has expired and (b) never to sell such a debt.

Such disclosure shall be made until and unless the holding of the Seventh Circuit in *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017) is overruled by case law, regulatory guidance, or amendment of the FDCPA.

F.  Subject to Court approval, Class Counsel will be paid the total sum of $45,000.00 as compensation for their reasonable and necessary attorney's fees in service to Plaintiffs and the Class. Such amount as is approved by the Court as reasonable and necessary attorney's fees shall be separate and apart from the Settlement Fund to the Class. Class

Counsel will file their fee petition 30 days after the entry of the Conditional Certification Order.

G.    Defendants shall bear the costs of notice (including any address searches as described above), administration and of distribution of the settlement funds.

2.4    *Opting Out of the Class.*

A.    The Preliminary Approval Order that is submitted to the Court shall provide that Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to the Class Administrator no later than 60 days from the date of mailing of the Class Notice  who shall, within 7 days of the receipt of such request, forward copies to Class Counsel and Counsel for Defendants.

B.    In any such written request for exclusion, the Class Member must set forth his or her full name and address, together with a statement to the effect that he or she wishes to be excluded from or opt out of the Class.

C.    Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

D.    If more than one percent of the Class Members timely send written requests for exclusion (opt out of the Class Action Settlement), Defendants shall have the right, but not the obligation, to withdraw from

the Settlement. Such an election by Defendants shall be made in writing and sent to Class Counsel within ten (10) days after the deadline for submitting requests for exclusion specified above.

2.5    *Class Members' Release and Exclusive Remedy.*

A.    Upon entry of the Final Order and Judgment, each Plaintiff shall be deemed to have expressly agreed to be bound by the Release as set forth in this Agreement in Paragraph 1.20 A.

B.    Upon entry of the Final Order and Judgment, each Class Member who does not timely request to be excluded from this Settlement, shall be deemed to have expressly agreed to be bound by the Release as set forth in this Agreement in Paragraph 1.20 B.

C.    Upon entry of the Final Order and Judgment, Defendants agree to be bound by the Release as set forth in this Agreement in Paragraph 1.20 C.

B.    The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members who do not submit a valid and timely request for exclusion, for any, and all of the Released Claims and shall be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, the Released Persons shall not be subject to liability of any kind to any Class Member who does submit a valid and timely request for exclusion, with respect to any of the Released Claims, other than as set forth in this Agreement.

C.    Each Class Member, who does not timely exclude themselves, shall, upon the Court's entry of a Final Order and Judgment, be enjoined

by that Order from instituting or maintaining any action for the Released Claims against the Released Persons. The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.

2.6 *Class Counsel's Attorney's Fees and Expenses.* Class Counsel will seek from the Court an award of their reasonable attorney's fees and costs, to be paid by Defendants. Should the Court approve a lesser amount of fees and costs, such approval shall not be a basis for any party to withdraw from this Agreement. Regardless of the amount of fees approved by the Court, in no event will Defendants pay a total amount in excess of the amounts set forth in this Agreement, except to the extent that additional fees and expenses are incurred to enforce the terms of this Agreement as a result of any Defendant's failure to perform under the Agreement.

2.7 *Attorney's Fees of Individual Class Members.* Any Class Member who does not submit a valid and timely request for exclusion or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.6 above, shall be paid by the Class Member or other person.

2.8 *Objection Period for Class Members.*

A. Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court, objectors shall be required to notify the Court, Class Counsel and counsel for Defendants, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment. However, Class Members who object to the Settlement may also appear at the Fairness Hearing and

*3.2    Representations and Warranties of the Plaintiffs.* Plaintiffs represent and warrant as follows:

A.    that on the date of execution of this Agreement they are the owners of the individual claims asserted in the Lawsuits, that they have not assigned, pledged (except to their attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date, they will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.    that they will not ever assert that this Agreement constitutes an admission by Defendants that any claim or fact alleged by any party in the Class Action is true or correct, and that they acknowledge that Defendants have always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters that are the subject of the Class Actions.

**ARTICLE IV**
**CONDITIONS TO CONSUMMATION OF THE SETTLEMENT**

4.1    *Conditions.* The foregoing agreements of Plaintiffs and Defendants are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendants' obligation to provide the class relief described herein shall be subject to the satisfaction of each of the following conditions to on or prior to the Consummation Date (unless such conditions are waived by Defendants):

A. the Finality Date shall have occurred;

B. the Court shall have approved and signed a Final Judgment in substantially the same form as the attached **Exhibit D** that includes a release of all of the Released Claims;

C. Defendants and Plaintiffs shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D. the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

## ARTICLE V
## MISCELLANEOUS PROVISIONS

5.1 *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiffs, Class Counsel, or Defendants to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

5.2 *Termination.* This Agreement shall be terminable by Plaintiffs, Class Counsel and Defendants upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or by the Plaintiffs or Class Counsel. If this Agreement is terminated, Plaintiffs, Defendants, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendants and Plaintiffs into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their

respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect. In that event, the parties will jointly notify the Court of the need to decide Plaintiffs' Motion for Class Certification as a contested motion.

5.3     *Distribution of Settlement Funds.* Subject to Approval of the Court, the settlement funds will be distributed as follows:

    A.      At least fourteen (14) days after the Fairness Hearing, Defendants shall wire all settlement funds required under Section 2.3 of this Agreement to the Administrator to be held in trust until the Finality Date.

    B.      Within ten (10) days after the Finality Date, checks representing the distribution due to Plaintiffs and Class Counsel described above will be mailed by the Administrator to Class Counsel.

    C.      Within twenty-one (21) days after the Finality, checks representing the distribution due to the Class pursuant to Section 2.3A of this Agreement will be mailed by the Administrator in accordance with the terms of this Agreement. Each such check will bear a notation indicating that it expires ninety (90) days after the date of the check.

    D.      The administrator shall further implement the redistribution and *cy pres* procedures described above.

5.4     *Entire Agreement.* This Agreement, including all referenced Exhibits, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

5.5     *Modification.* No modification of this Agreement may be made, except by written agreement executed by Plaintiffs, Class Counsel, and Defendants, and approved by the Court.

5.6     *Notices.* All notices between and to Class Counsel and Defendants required under this Agreement shall be sent by first class U.S. mail, by hand delivery, by facsimile, or by e-mail to the recipient designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile or e-mail). The persons designated to receive notice are as follows:

> Daniel A. Edelman (#34230)
> Cassandra P. Miller
> Edelman, Combs, Latturner & Goodwin, LLC
> 20 South Clark Street, Suite 1500
> Chicago, IL 60603
> Fax: (312) 419-0379
> info@edcombs.com
> cmiller@edcombs.com

> CLASS COUNSEL

and:

> Manuel H. Newburger
> Barron & Newburger, P.C.
> 7320 N. MoPac Expy., Suite 400
> Austin, TX 78731
> Fax: 512-279-0310
> mnewburger@bn-lawyers.com

> ATTORNEY FOR DEFENDANTS

5.7    *Execution in Counterparts.* This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

5.8    *Applicable Law.* This Agreement and the rights and obligations of the Parties shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Illinois without regard to any conflict of law provision in said laws of the State of Illinois that might otherwise require the application of the laws of a jurisdiction other than that of the State of Illinois to the performance, validity, construction, or enforcement of this Agreement.

5.9    *Headings.* Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

5.10   *Benefit of Agreement.* The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

5.12   *Place of Performance.* This Agreement shall be performed in the Northern District of Illinois.

5.13 *Best Efforts.* All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14 *Parties Are Equal Drafters.* The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiffs or Defendants.

Dated: September 28, 2018.

<table>
<tr><td>

---
Nicholas Navarroli
For himself and the Class

</td><td>

LVNV Funding, LLC

By: _Anne Heathcock_
_Anne Heathcock, An Authorized Representative_
Printed Name          Title

</td></tr>
<tr><td>

---
Shabih Siddiqi,
For himself and the Class

**Attorneys for Nicholas Navarroli, Shabih Siddiqi and the Class**

_Cassandra P. Miller_

Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner
& Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603

</td><td>

Pinnacle Credit Services, LLC,

By: _Alex Grayson_
_Alex Grayson, Authorized Representative_
Printed Name          Title

Resurgent Capital Services, L.P.

By: _Amanda Hammond_
_Amanda Hammond, Authorized Representative_
Printed Name          Title

Alegis Group, L.L.C.

By: _Stephan Hammerich, Authorized_
Printed Name          Title  _Representative_

Firstsource Advantage, L.L.C.

By: _James Duke_
_James Duke_
Printed Name          Title  _General Counsel_

Dynamic Recovery Solutions, LLC

</td></tr>
</table>

By: _____

_____
Printed Name                Title

_____
Manuel H. Newburger
Attorney for Defendants

_____
Corinne C. Heggie
Attorney for Defendants

By: _Cristyn_ _Manet, CCO_
Printed Name               Title

---

Manuel H. Newburger
Attorney for Defendants

**/s/ Corinne C. Heggie**

---

Corinne C. Heggie
Attorney for Defendants

| | | |
|---|---|---|
| NICHOLAS NAVARROLI,<br>on behalf of himself and all<br>others similarly situated,<br><br>    Plaintiff,<br><br>V.<br><br>LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.,<br>ALEGIS GROUP, L.L.C., and<br>FIRSTSOURCE ADVANTAGE, L.L.C.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-05373<br><br>Judge. Robert M. Dow, Jr. |
| SHABIH SIDDIQI,<br>on behalf of himself and all<br>others similarly situated,<br><br>    Plaintiff,<br><br>V.<br><br>DYNAMIC RECOVERY SOLUTIONS,<br>LLC and PINNACLE CREDIT<br>SERVICES, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-06126<br><br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Mary M. Rowland |

## FUNDING ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT

This is an addendum to the Class Action Settlement Agreement
("Agreement") in the above-captioned case. Plaintiffs Nicholas Navarroli and
Shabih Siddiqi on the one hand, and Defendants LVNV Funding, LLC and
Pinnacle Credit Services, LLC (the "Funding Defendants") on the other.

Pursuant to this Addendum the Class Action Settlement is amended to replace Paragraph 5.3 "Distribution of Settlement Funds" with the following Paragraph and Provision:

5.15. ***Distribution of Settlement Funds***. Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.     At least seven (7) days prior to the final Fairness Hearing, the Funding Defendants shall wire all settlement funds required under Section 2.3 of this Agreement to Class Counsel. to be held in trust until the Finality Date.

B.     Upon the Finality Date Class Counsel shall remit the funds to the Administrator for distribution as provided for in the Agreement.

C.     If the settlement is not granted final approval then within ten (10) days of an order denying such approval or an appellate order overturning such approval the funds shall be returned to the Funding Defendants.

D.     To the extent of any inconsistency between this provision and Paragraph 5.3 of the Agreement, this Addendum shall control.

Dated: October 1, 2018.

LVNV Funding, LLC

_____        By:     _____
Nicholas Navarroli
For himself and the Class                                  _____
                                                                        Printed Name                    Title

                                                                        Pinnacle Credit Services, LLC

_____        By:     _____
Shabih Siddiqi,
For himself and the Class                                  _____
                                                                        Printed Name                    Title

_____
Cassandra P. Miller,                                        _____
Class Counsel                                               Corinne C. Heggie
                                                                        Attorney for Defendants

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS NAVARROLI,<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>V.<br><br>LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.,<br>ALEGIS GROUP, L.L.C., and<br>FIRSTSOURCE ADVANTAGE, L.L.C.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 1:17-cv-05373<br>)<br>)  Judge Robert M. Dow, Jr.<br>)<br>)<br>)<br>)<br>) |

---

| | |
|---|---|
| SHABIH SIDDIQI,<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>V.<br><br>DYNAMIC RECOVERY SOLUTIONS,<br>LLC and PINNACLE CREDIT<br>SERVICES, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 1:17-cv-06126<br>)<br>)<br>)  Judge Robert M. Dow, Jr.<br>)  Hon. M.J. Mary M. Rowland<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiffs, Nicholas Navarroli and Shabih Siddiqi, individually, and on behalf of a Settlement Class of similarly situated persons (collectively "Plaintiffs") and Defendants LVNV Funding, LLC, Pinnacle Credit Services, LLC, Resurgent Capital Services, L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC (collectively "Defendants"), hereby request that this Court enter an order which: (i) preliminarily approves

the Class Settlement Agreement ("Agreement") attached as <u>Appendix 1</u>; (ii) sets dates for Class members to opt out or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of <u>Exhibit C</u> to <u>Appendix 1</u>, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as <u>Exhibit B</u> to <u>Appendix 1.</u>

1.      Plaintiffs, individually and on behalf of what they now know to be overlapping classes, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Navarroli et. al.v. LVNV Funding, LLC*, Case No. 17-cv-05373 (N.D. Ill.) and *Siddiqi v. Dynamic Recovery Solutions, LLC, et al.*; Case No. 1:17-cv-06126 (N.D. Ill.), ("Litigation"). Plaintiffs' allege that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) by sending collection letters on time-barred debts which did not disclose that a payment may restart the statute of limitations on the debt. Defendants deny Plaintiffs' allegations and assert that their letters complied fully with all applicable state and federal laws.

2.      After arms-length discussion, the parties reached a settlement to resolve the Litigation. Defendants desire to settle the claims brought by Plaintiffs solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiffs and the Class against Defendants in the Litigation. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon Counsel's review and analysis, the parties have entered into the

Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement.

3.      **Class Definition**. For purposes of effectuating this settlement, the Parties request that this Court preliminarily and conditionally certify a Settlement Class consisting of:

a.      All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent or a collection agency that it engaged sent or caused to be sent a collection letter on a time-barred debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations.

4.      **Excluded from Class.** Excluded from the Class is:

a.      (all any person who is a plaintiff or a class member who did not timely exclude themselves from the Class Settlement Agreement) in the action styled *Teifeld v. Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC*, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

b.      any person who is already subject to an existing release;

c.      any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

d.      any Class Member who timely mails a request for exclusion; and

e.      any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 of the Agreement, but whose Letter was returned as undeliverable, based on DEFENDANTS' records.

5.    **Class Period.**  The Class Period runs from July 21, 2016, through the date of this order.

6.    **Class Size.**  Based on Defendants records, there are approximately 54,000 persons that fall within the Class.   The class size may continue to grow until preliminary approval of the settlement is granted, but if it does the settlement fund will also grow proportionately.

7.    **Class Recovery and Procedure.**   The Agreement provides for the following relief to Class Members:  Subject to the terms of this Agreement, Defendants agrees to provide the following relief to the Class:

a.    <u>Settlement Fund</u>:   Defendants shall pay to the Class a total Class Settlement Fund of (1) $125,000.00 and (2) $2.40 for each class member in excess of 53,407 members from whom a release is sought, which Defendants represent is more than one percent of the combined net worth of Defendants LVNV and Pinnacle.

b.    <u>Distribution to the Class</u>:  Distribution of the Settlement Fund shall be made on a claims-made basis, *i.e.*, Class Members who wish to claim their share of the Settlement Fund must submit a claim in the form that will accompany the Class Notice. The Settlement Fund will be divided equally among all Class Members who timely submit claim forms.

c.    <u>Void Date</u>:  All distribution checks to the Class will expire after ninety (90) days. The proceeds of any uncashed distribution checks shall be redistributed *pro rata* to those class members whose distribution checks were presented for payment, unless such redistribution would be in the amount of less than $10.00 per class member. All redistribution checks to the Class will expire after ninety (90) days.

d.     *Cy Pres* Recipients:  Any funds remaining in the fund after the second distribution, or remaining in the fund after the first distribution if no second distribution is made, will be distributed as a *cy pres* distribution in equal sums to the Legal Assistance Foundation of Metropolitan Chicago, Prairie State Legal Services, and Land of Lincoln Legal Assistance Foundation.

8.     There are approximately 54,000 class members.  Class Counsel anticipates, based on a 5%-10% response rate, that class members who submit claim forms are likely to receive between $23- $46, depending upon the number of people that submit claim forms.  **Error! Bookmark not defined.**

9.     The FDCPA caps a class's statutory recovery available to the Class Members.  In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00.  In a class action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) the lesser of 1% of Defendants' net worth or $500,000.00 (whichever is less). The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful.  Defendants have represented that the Settlement Fund of $125,000, is more than 1% of their net worth (the maximum potential in statutory damages).   Based upon this, Class Counsel believes that the Settlement is a fair and reasonable settlement.

10.    **Relief to Plaintiffs.**  Plaintiff Nicholas Navarroli will be paid the total amount of $2,500.00 for his individual claim for statutory damages and his service to the Class. Plaintiff Shabih Siddiqi will be paid the total amount of $5,000.00  for his individual claim for statutory

damages and his service to the Class. All amounts approved by the Court as damages and service as class representatives will be paid separate and apart from the Class Settlement Fund. LVNV will also release the debt allegedly owed to it by Mr. Navarroli and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request. Pinnacle will also release the debt owed to it by Mr. Siddiqi and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request.

11. **Non-Monetary Relief.** As a non-monetary part of the settlement, Defendants will, on a going-forward basis, make the following statements in any letter seeking payment from a consumer whose mailing address is in the Seventh Circuit, on a time-barred debt that is serviced by Resurgent:

a. The law limits how long you can be sued on a debt. Because of the age of your debt, [Debt Owner Name] cannot sue you for it. Please note that making a payment on a time-barred debt has the potential to restart the statute of limitations for suit on the debt. However, it is the policy of [Debt Owner Name] (a) never to file suit on a debt after the original statute of limitations has expired and (b) never to sell such a debt.

12. Such disclosure shall be made until and unless the holding of the Seventh Circuit in *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017) is overruled by case law, regulatory guidance, or amendment of the FDCPA.


13. **Attorneys' Fees and Costs**. Subject to Court approval, Defendants shall pay counsel for Plaintiffs and the Class that amount of attorneys' fees and costs awarded by the Court not to exceed $45,000.00.

14.      **Cost of Class Notice and Administration**.  Defendants shall pay all costs associated with the notice under this Agreement and the costs of administering the Class Settlement.

15.      **Notice**. No later than thirty (30) days after the entry of the Conditional Certification Order, the Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

a.      **Right of Exclusion**.  Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to the Class Administrator no later than 60 days from the date of mailing of the Class Notice who shall, within 7 days of the receipt of such request, forward copies to Class Counsel and Counsel for Defendants.

b.      **Right to Object**. Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court, objectors shall be required to

notify the Court, Class Counsel and counsel for Defendants, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment. However, Class Members who object to the Settlement may also appear at the Fairness Hearing and express their objection to the Settlement without notice to the Court and Counsel if the Court finds that good cause exists for non-compliance with the requirements of this paragraph.

16. The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from PRA, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class. In this case, even if the class were to proceed to trial it would not receive more than 1% of the debt collector's net worth . The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

17. <u>Schedule for Class Notice, Exclusions, and Objections:</u> Plaintiffs and Defendants request that the Court set the following schedule for the proposed Agreement:

a. Class Notice (Exhibit C to Appendix 1) is to be mailed within 30 days of entry of the Preliminary Approval Order;

b. Class members shall have until 60 days after the initial mailing of the notice to complete and postmark a claim form, request for exclusion or objection to the proposed settlement;

c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Classes will be held before this Court on a date at least ninety (90) days from the notification provided under the Class Action Fairness Act.

18. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of Exhibit B to the Agreement, which (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves Exhibit C to the Agreement as notice to the Classes to be directed to the last known address of the class members as shown from Defendants' records, (d) sets dates for class members to opt-out, object, or return a claim form and (e) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted,


s/ Cassandra P. Miller
Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS,
LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
*Counsel for Plaintiffs*

s/ Manuel Newburger (with consent)
Manuel Newburger
BARRON & NEWBURGER, PC
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on Monday, October 1, 2018, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record

s/ Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI,<br>on behalf of himself and all<br>others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.,<br>ALEGIS GROUP, L.L.C., and<br>FIRSTSOURCE ADVANTAGE, L.L.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-05373<br><br>Judge Robert M. Dow, Jr. |
| SHABIH SIDDIQI,<br>on behalf of himself and all<br>others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>DYNAMIC RECOVERY SOLUTIONS,<br>LLC and PINNACLE CREDIT<br>SERVICES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-06126<br><br>Judge Robert M. Dow, Jr.<br>Hon. M.J. Mary M. Rowland |

**(PROPOSED) ORDER CONDITIONALLY CERTIFYING CLASS
AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Having considered the parties' Joint Motion for Preliminary Approval, the Court hereby

grants preliminary approval of the Class Action Settlement Agreement ("Agreement") reached

between the parties, Plaintiffs Nicholas Navarroli and Shabih Siddiqi, individually, and on behalf

of a Settlement Class of similarly situated persons and Defendants LVNV Funding, LLC,

Pinnacle Credit Services, LLC, Resurgent Capital Services, L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC . The motion came on for hearing on October 4, 2018 at 9:00 a.m. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

I.      This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein.

2.      The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under Fed. R. Civ. P. 23.  The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendants have agreed to pay to the Class more than 100% of the maximum statutory liability under the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, which forms the basis of this action. It further appears that as a result of speedy, voluntary discovery counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.      A hearing ("Fairness Hearing") shall be held before this Court on _____, 2019 at _____ a.m. in Courtroom 2303 of the United States District Court for the Northern District of Illinois, located at the Everett McKinley Dirksen United States Courthouse, 219 South

Dearborn Street, Chicago, IL 60604, to determine all necessary matters concerning the settlement and the terms of the Agreement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve the payment for the named plaintiffs; and the amount of attorney fees and costs to be awarded Class Counsel.

4.      The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Notice") attached as Exhibit C to the Agreement. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5. For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of:

> All individuals in the State of Illinois, whose accounts were serviced by
> Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the
> Class Period, Resurgent or a collection agency that it engaged sent or
> caused to be sent a collection letter on a time-barred debt which failed to
> disclose that making a payment on such debt could potentially restart the
> statute of limitations.

Excluded from the Class is:

a.   any person who is a plaintiff or participating class member who did not timely exclude themselves from the Class Settlement in the action styled *Teifeld v.Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC*, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

b.   any person who is already subject to an existing release;

c.   any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

d.   any Class Member who timely mails a request for exclusion; and

e.   any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 of the Agreement, but whose Letter was returned as undeliverable, based on DEFENDANTS' records.

6.   The Class Period runs from July 21, 2016, through the date of this order.

7.   For purposes of effectuating this settlement, the Court hereby appoints Plaintiffs Nicholas Navarroli and Shabih Siddiqi as the class representatives for the settlement Class, and the following attorneys are appointed as Class Counsel:

> Cassandra P. Miller
> Edelman, Combs, Latturner & Goodwin, LLC
> 20 South Clark Street, Suite 1500
> Chicago, IL 60603
> (312) 739-4200

8.   [INSERT]_____ is appointed as the settlement administrator ("Administrator").

9.     The Class Notice shall be distributed to the Class as follows: On or before _[*30 days after entry of Order*]_____, 2018, The Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their attorneys shall not be responsible the failure of the Postal Service to timely deliver or return a class notice.  The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

8.     Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by ___[*3 days prior to Fairness Hearing*]_____, 2019.  Class Members who wish to exclude themselves from (opt out of) the Class and the proposed settlement must mail a written request for exclusion to the Court as well as Class Counsel and Counsel for Defendant postmarked no later than _[*60 days from entry of Order*]_____, 2018, which is no less than two (2) weeks prior to the Final Fairness Hearing.  In any such written request for exclusion, the Class Member must set forth his or her full name and address, together with a statement to the effect that that he or she chooses to be excluded from or opt out of the Class.

9.      Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the settlement.

10.     No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than _[*60 days from entry of Order*]_____, 201_, which is no less than two (2) weeks prior to the Final Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendants a written notice of intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11.     Any such notice of objections shall include:

(1)     a statement of each objection being made;
(2)     a detailed description of the facts underlying each objection;
(3)     a detailed description of the legal authorities underlying each objection;
(4)     a statement of whether the objector intends to appear at the Final Fairness Hearing;
(5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and
(6)     a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12.     Unless otherwise agreed by both Defendants and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court or fail to timely serve such objections on Class Counsel and counsel for Defendants, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13.     Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendants or any of their officers, directors, shareholders, members, managers, general and limited partners, or employees arising out of or related to the

same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of the form letters that are at issue in this case.

14.     This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any alleged liability, fault, or wrongdoing by Defendants; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED.

Dated: _____, 2018.

_____
HON. ROBERT M. DOW, JR. .
UNITED STATES DISTRICT JUDGE

# **EXHIBIT C**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**If Resurgent, or one of its collection agencies, sent you a collection letter on a time-barred debt which failed to disclose that making a payment on such debt could restart the statute of limitations, you may benefit from this class action settlement.**

The cases are titled *Navarroli et. al.v. LVNV Funding, LLC*, *et al.*; Case No. 17-cv-05373 (N.D. Ill.) and *Siddiqi v. Dynamic Recovery Solutions, LLC, et al.*; Case No. 1:17-cv-06126 (N.D. Ill.), ("Litigation").  This is not a solicitation from a lawyer.

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **COMPLETE A CLAIM FORM TO RECEIVE A PORTION OF SETTLEMENT PROCEEDS** | If you wish to receive a portion of the class settlement proceeds, you must complete and return the claim form on or before [60 days from mailing of notice]. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims, if any, against the Defendant. |
| **OBJECT** | Write to the Court explaining why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**1.      What is the Litigation about?**

This Litigation was filed against Defendants asserting that their collection letters allegedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("the Law") by sending collection letters on time-barred debts which did not disclose that a payment may restart the statute of limitations on the debt. Defendants deny Plaintiffs' allegations and assert that their letters complied fully with all applicable state and federal laws.

**2.      Why did you get this notice?**

You are receiving this notice because you were identified by Defendants as a person in following Class:

All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent or a collection agency that it engaged sent or caused to be sent a collection letter on a time-barred debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations.

**3.      Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (in this case, Nicholas Navarroli and Shabih Siddiqi), sue on behalf of people who have similar claims.  All of these people together are a "Class" or "Class Members."  The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4.      Why is there a settlement?**

Plaintiffs, on the one hand, and Defendants, on the other have agreed to settle the Litigation to avoid the time, risk, and expense of defending the Litigation, and to achieve a final resolution of the disputed claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in full settlement of the claims raised in the Litigation. The Class Representatives and their attorneys, who are experienced consumer and class action attorneys, think the settlement is best for all Class Members.

**5.      How do you know if your claims are included in the settlement?**

You received this notice because Defendants' records identified you as a Class Member.  That means you appear to fit the description of the Class, which the Court has certified for settlement purposes.

**6.      What does the settlement provide?**

Defendants have agreed to establish a Settlement Fund of (1) $125,000.00 and (2) $2.40 for each class member in excess of 53,407 members.  The Settlement Fund will be distributed on a *pro rata* basis to each Class Member who submits the attached claim form, fully executed, by the deadline stated below.

In addition to the Settlement Fund, Defendants will pay $5,000 to Plaintiff Siddiqi and $2,500 to Plaintiff Navarroli, and cancel the debts that were the subject of the letters sent to Plaintiffs.  Such compensation is in consideration of the named plaintiff's individual claims and their service to the Class.  The amounts to be awarded to the Plaintiffs are subject to Court approval.

Defendants have also agreed to modify their collection letters to address the issues raised by Plaintiffs.

Also in addition to the Settlement Fund, and subject to approval by the Court, Defendants will pay to Plaintiffs' counsel the sum of $45,000.00 for the fees and costs they incurred with respect to the Plaintiffs and the Class' claims.

If you wish to claim your share of the Settlement Fund you must submit a claim in the form that accompanies this Class Notice.

### 7. What can I get from the Settlement?

In order to receive a settlement check from this settlement, you must complete and mail the claim form attached hereto. If you submit a timely claim form, you will receive a *pro rata* share of the Settlement Fund. The exact amount that each class member will receive will depend upon the number of class members that submit claim forms. There are approximately 54,000 class members. Class Counsel anticipates that class members who submit claim forms are likely to receive between $23- $46, depending upon the number of people that submit claim forms.

The claims asserted on behalf of the Class against Defendants are under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) the lesser of 1% of Defendants' net worth or $500,000.00 (which ever is less). The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful. Defendants have represented that the Settlement Fund of $125,000, is more than 1% of their net worth (the maximum potential in statutory damages). Based upon this, Class Counsel believes that the Settlement is a fair and reasonable settlement.

### 8. How can you get a payment?

To qualify for a payment, you must return a signed and completed Claim Form by _____, 2018. A Claim Form is enclosed with this notice.

### 9. When will you be paid?

You will receive these benefits approximately 45-60 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

### 10. What rights are you giving up in this settlement?

Unless you exclude yourself from this settlement, all of the Court's orders will apply to you, and you give Defendants a "release". A release means you cannot sue or be part of any other lawsuit against Defendants about the claims or issues in the Litigation. This description is general and

does not cover the full release language. For a complete statement of all the contentions, proceedings and settlement terms in this case, you should consult the files relating to the Litigation, which are available for your inspection at the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, Illinois, 60604.

## 11.    Excluding yourself from the settlement.

If you do not want to receive the benefits of the settlement but you want to keep your legal claims against Defendants, then you must take steps to exclude yourself from this settlement.

To exclude yourself from the Settlement, you must send a letter which states:

> I hereby exclude myself from the settlement in *Navarroli et. al.v. LVNV Funding, LLC*, Case No. 17-cv-05373 (N.D. Ill.)

Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than ___ [60 days]_____**, to:


## 12.    If I exclude myself will I still receive a portion of the Settlement Fund?

No, you will not receive anything resulting from the settlement, but you may have the right to sue, Defendants over the claims raised in the Litigation. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again.

## 13.    Do I have lawyers in this Litigation?

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from Defendants in an amount to be determined by and approved by the Court and as set forth below in Paragraph 6. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you choose to hire your own lawyer, he or she must file an appearance by _____ _____ **[3 days prior to fairness hearing]**_____ .

## 14.    How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with the settlement or some part of it, by filing an "objection." In order to object to the settlement or any part of the settlement, you must send a letter stating that you object and the reasons why you think the Court should not approve the settlement. You must include the case: your name, address, telephone number, and signature and

include the case name: *Navarroli et. al.v. LVNV Funding, LLC*, Case No. 17-cv-05373 (N.D. Ill.). If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in Paragraph 15). You must mail your objection so that it is postmarked no later than ___**[60 days]**_____ to:

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to **these attorneys**:

| Cassandra P. Miller (#34230) Edelman, Combs, Latturner & Goodwin, LLC 20 South Clark Street, Suite 1500 Chicago, IL 60603 CLASS COUNSEL | Manuel H. Newburger Barron & Newburger, P.C. 7320 N. MoPac Expy., Suite 400 Austin, TX 78731 ATTORNEY FOR DEFENDANTS |
|---|---|

### 15. When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing to decide whether to approve the settlement ("Fairness Hearing") on _____, 2019, at _____. You may attend if you wish, but you are not required to do so. The hearing will be held before the Honorable Robert M. Dow, Jr. in Courtroom 2303 of the United States District Court for the Northern District of Illinois, located at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At the Final Fairness Hearing the Court will consider whether the proposed settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may decide, postpone, or continue the hearing.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

If you do nothing, you will not receive any portion of the Settlement Fund. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties over the released claims.

### 16. What will happen if the Court does not approve the settlement?

If the Court does not approve the settlement, or if the settlement does not become final for some reason, you will receive no benefits from the Settlement and the case will continue.

**Getting More Information – Contact:**

**Cassandra P. Miller (#34230)**
**Edelman, Combs, Latturner & Goodwin, LLC**
**20 S. Clark St., Suite 1500**
**Chicago, IL  60603**
**(312) 739-4200**
**info@edcombs.com**
**www.edcombs.com**

This notice is only a summary of the proposed settlement of the Litigation. All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Northern District of Illinois, Eastern Division.  Please do not call the Judge about this case. **Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.**

## CLAIM FORM

*Navarroli et. al.v. LVNV Funding, LLC*, Case No. 17-cv-05373 (N.D. Ill.)

I, the undersigned _____ hereby make a claim for my share of the settlement in the above-captioned case.

_____

Full Name

_____

Address

_____

City                    State             Zip

**If your name or address is different from what appeared on the envelope please provide the correct information below. If your name has changed, please provide proof of the name change (i.e. marriage certificate, etc.)**

Name:_____

Address:_____

City/State/Zip: _____

Phone Number: _____

**THIS CLAIM FORM MUST BE RETURNED BY [INSERT DATE-60 days] TO:**

[Name and Address of Administrator]

QUESTIONS?  CALL 312-917-4504 TO CONTACT CLASS COUNSEL'S OFFICE
Please Refer to Settlement #34230

# EXHIBIT D

NICHOLAS NAVARROLI,                      )
on behalf of himself and all             )
others similarly situated,               )
                                         )
            Plaintiff,                   )
                                         )
                                         )
V.                                       )     CIVIL ACTION NO. 1:17-cv-05373
                                         )
LVNV FUNDING, LLC,                       )     Judge Robert M. Dow, Jr.
RESURGENT CAPITAL SERVICES, L.P.,        )
ALEGIS GROUP, L.L.C., and                )
FIRSTSOURCE ADVANTAGE, L.L.C.,           )
                                         )
            Defendants.                  )

SHABIH SIDDIQI,                          )
on behalf of himself and all             )
others similarly situated,               )
                                         )
            Plaintiff,                   )
                                         )     CIVIL ACTION NO. 1:17-cv-06126
                                         )
V.                                       )     Judge Robert M. Dow, Jr.
                                         )     Magistrate Judge Mary M. Rowland
DYNAMIC RECOVERY SOLUTIONS,              )
LLC and PINNACLE CREDIT                  )
SERVICES, LLC,                           )
            Defendants.                  )


**[PROPOSED] FINAL ORDER AND JUDGMENT**

On _____, 2019, the above-captioned case came on for a Final Fairness Hearing on

the proposed class action settlement.

In August, 2018, after arms-length negotiations Plaintiffs and Defendants entered into a

Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is

subject to review under FED. R. CIV. P. 23.

On October 1, 2018, the Parties filed the Agreement, together with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"). The Agreement is Appendix 1 to Docket Entry ___ in this case.

On or about _____, 2018, within ten days of filing the proposed settlement with the Court, Defendants complied with the requirements of 28 U.S.C. § 1715.

On _____, 2018, the Court heard the Parties' Preliminary Approval Motion.

On _____, 2018, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Conditional Certification Order"). Pursuant to the Conditional Certification Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Nicholas Navarroli and Shabih Siddiqi as the Class Representatives; (iv) appointed Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On _____, 2019, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the

Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.    <u>CLASS MEMBERS</u>.  Pursuant to FED. R. CIV. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of:

> All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent or a collection agency that it engaged sent or caused to be sent collection letter on a time-barred debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations.

Excluded from the Class are:

a.    any person who is a plaintiff or participating class member (all class members who did not timely exclude themselves from the Class Settlement Agreement) in the action styled Teifeld v.Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

b.    any person who is already subject to an existing release;

c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

d.    any Class Member who timely mails a request for exclusion; and

e.    any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 of the Agreement, but whose Letter was returned as undeliverable, based on DEFENDANTS' records; and

      f.        any Class Member who timely mails a request for exclusion.

3.      <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiffs Nicholas Navarroli and Shabih Siddiqi as the Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel for the Class Members.

4.      <u>NOTICES AND CLAIM FORMS</u>.  Class action notices and claim forms were mailed to all of the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5.      <u>FINAL CLASS CERTIFICATION</u>.  The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

    a.      the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b.      there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.      the claims of the Plaintiffs are typical of the claims of the Class Members;

    d.      the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this

controversy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' alleged claims; the strength of Defendants' alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendants are paying over 100% of the maximum statutory damages allowed by law for an alleged violation that may not result is such an award following a contested trial.

7. OBJECTIONS AND EXCLUSIONS. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. There are ___ such persons, and they are listed on the attached Exhibit A.

11. This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

8. SETTLEMENT TERMS. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is hereby granted final approval and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. Upon the occurrence of the finality of this order the parties shall carry out their remaining obligations under the agreement.

13. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the releases

contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

14.     Plaintiffs, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

15.     This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

16.     This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

IT IS SO ORDERED.

Dated: _____, 2019.

_____
HON. ROBERT M DOW, JR.
UNITED STATES DISTRICT JUDGE